514

## SMITH v. CROWN PUBLISHERS, Inc., et al.

United States District Court
S. D. New York.
June 8, 1953.

Richard H. Wels, New York City, for plaintiff.

Townley, Updike & Carter, New York City, for defendant Crown Publishers, Inc.

Fishbach & Crowe, New York City, for defendants Lait and Mortimer.

NOONAN, District Judge.

This is a motion by the plaintiff in a libel action for an order pursuant to Rule 30(b) and (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A., limiting the scope of the deposition of the plaintiff.

The plaintiff alleges that many of the questions asked the said plaintiff in the course of the deposition infringe upon the plaintiff's constitutional immunity; in addition, the plaintiff alleges that much of the information sought would be inadmissible in court. In short, invoking the aforementioned rules, the plaintiff alleges that the questioning is being carried on in bad faith, and that the purpose is to annoy, embarrass, and oppress her. Examples of questions alleged to illustrate this harassment are contained in the plaintiff's supporting affidavits.

██ Because of the nature of the action, the defendant being at least permitted to show the truth of matters known to the plaintiff, the court must allow greater latitude than it would ordinarily feel called upon to permit. While some of the questions seem harassing in nature, the court has not been called upon to decide this issue as to any specific questions that have been asked.

The question of privilege with regard to the immunity of a Senator as provided for in Article I, Section 6, of the Constitution of the United States, is most difficult of application in this case because of the position of the parties. The vast majority of the authorities, American and English, as well as the recent discussion in the House of Representatives (Congressional Record 3/26/53 pages 2444–2446) discuss the matter in terms of using the privilege as a defense to an action rather than as an aid to the prosecution of one.

██ As a matter of general principle, it is most difficult for the court to rule on the question of privilege in the abstract. The normal procedure, and, the court feels, the proper one to be followed in this case, is for the examination to pro-

ceed, the plaintiff to refuse to answer those questions for which refusals she asserts privilege, and then for the matter to be submitted to a court for ruling on the specific questions disputed.

 The court will rule at this time only that the plaintiff's voting record in the House and Senate, and the reasons therefor, are clearly matters of privilege (discussion of legislative privilege in Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019).

Motion denied, without prejudice to the plaintiff. Settle order.